UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN LEWIS,<br>              Plaintiff,<br><br>        v.<br><br>WEST ROXBURY DISTRICT COURT, et<br>al,<br>              Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 12-11544-JLT<br>)<br>)<br>) |

MEMORANDUM AND ORDER

For the reasons set forth below, (1) plaintiff's Application
to Proceed In District Court Without Prepaying Fees or Costs is
allowed; (2) plaintiff is assessed an obligation to make payments
towards the $350 filing fee in accordance with 28 U.S.C.
§ 1915(b)(2); (3) defendants' motion to be relieved from
conference requirement of Local Rule 7.1 is allowed; (4)
plaintiff's motion for appointment of counsel is denied; and (5)
plaintiff is granted additional time to file a response or
opposition to the defendants' motions to dismiss.

BACKGROUND

Plaintiff commenced the instant action on August 17, 2012,
by filing a civil rights complaint against the West Roxbury
District Court, a state court judge and an unnamed court clerk.
Because plaintiff failed to submit a copy of his prison account
statement with his Application to Proceed In District Court
Without Prepaying Fees ("Application"), his Application was
denied and he was granted additional time to do so.

Now before the Court are Lewis' Application, prison account

statement and motion for appointment of counsel.  Although the
Court has not issued summons, defendants filed motions to dismiss
and a motion to waive the conference requirement of Local Rule
7.1.

DISCUSSION

I   <u>Filing Fee</u>

Unlike other civil litigants, prisoner plaintiffs are not
entitled to a complete waiver of the $350.00 filing fee,
notwithstanding the grant of in forma pauperis status.  Based on
the information contained in the prison account statement, the
Court will allow plaintiff's renewed Application and will direct
the appropriate prison official to collect monthly payments
towards the $350 filing fee in accordance with 28 U.S.C.
§ 1915(b)(2).

II   <u>Appointment of Counsel</u>

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney
to represent any person unable to afford counsel." 28 U.S.C. §
1915(e)(1).  However, a civil plaintiff lacks a constitutional
right to free counsel.  <u>Desrosiers v. Moran</u>, 949 F.2d 15, 23 (1st
Cir. 1991).   In order to qualify for appointment of counsel, a
party must be indigent and exceptional circumstances must exist
such that denial of counsel will result in fundamental unfairness
impinging on the party's due process rights.  <u>Id.</u>  To determine
whether exceptional circumstances sufficient to warrant the

appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

The Court finds that, for the purposes of the instant motion, the plaintiff's claims do not seem likely to be of substance. Each defendant has filed a motion to dismiss. While plaintiff will be granted additional time to oppose these motions, appointing counsel to assist him in prosecuting this action is not warranted. Accordingly, Lewis' motion for appointment of counsel is denied.

III   Extension to Reply or Oppose

Each defendant has filed a motion to dismiss plaintiff's complaint. Rather than file a response or opposition, plaintiff sought appointment of counsel. Because plaintiff may wish to file a response and/or opposition to one or more of these motions, plaintiff is granted additional time to do so.

ORDER

Accordingly, it is hereby ORDERED

1.   Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (#9) is allowed. The $350.00 filing fee shall be collected, in monthly payments, in accordance with 28 U.S.C. § 1915(b)(2).

2.   Defendants' motion to be relieved from conference requirement of Local Rule 7.1 (#11) is allowed.

3.   Plaintiff's motion for appointment of counsel (#18) is denied.

3

4.   Plaintiff is granted an extension of time to serve and file his opposition to the defendants' motions, on or before February 1, 2013, and for the defendants to serve and file their reply, if any, on or before February 15, 2013.

SO ORDERED.


January 15, 2013                    /s/ Joseph L. Tauro
DATE                                JOSEPH L. TAURO
                                    UNITED STATES DISTRICT JUDGE